## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DAMIEN KENTREAL JOHNSON**                                **CIVIL ACTION**

**VERSUS**                                                              **NO. 24-00080**

**JEFFERSON PARISH SHERIFF OFFICE, ET AL.**      **SECTION D (4)**

### ORDER and REASONS

The Court, having considered Plaintiff's 42 U.S.C. § 1983 Complaint (R. Doc. 3), Plaintiff's Amended 42 U.S.C. § 1983 Complaint (R. Doc. 4), the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (R. Doc. 7), and Plaintiff's Objections to the Magistrate's Report and Recommendation (R. Doc. 8), hereby **OVERRULES** Plaintiff's objections, **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

The Court finds that the objections raised by the Plaintiff largely repeat the arguments asserted in his Amended Complaint, namely that he is a pretrial detainee in Jefferson Parish Correctional Center who is being punished for exercising his First Amendment right to freedom of religion and for refusing to cut his hair to fulfill his religious obligation as a "Rasta/Nazarite." (R. Doc. 8).  The Magistrate Judge addressed Plaintiff's claims extensively and conducted a thorough analysis of Plaintiff's arguments in the Report and Recommendation.  (R. Doc. 7).  While recognizing that Plaintiff's "objections" are not specific written objections and, instead, are simply restatements of the claims in his Amended Complaint, this Court has conducted its own *de novo* analysis and comes to the same conclusions as the

Magistrate Judge.  The Court agrees with the Magistrate Judge's assessment that Plaintiff's claims against the Jefferson Parish Sheriff's Office, Plaintiff's claims against Sheriff Lopinto in his individual capacity, and Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") claims against Sheriff Lopinto in his supervisory and official capacity should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

Regarding Plaintiff's First Amendment Freedom of Religion claim, and as correctly noted by the Magistrate Judge, a prison's policy or practice will not be found unconstitutional if it is reasonably related to a legitimate penological interest.[1]  The Magistrate Judge alco correctly listed penological interests, such as requiring male inmates to keep their hair short due to security concerns raised by inmates using long hair as a means of secreting contraband and weapons.[2]  This Court would add that such policies are further related to allowing for the ease of identification of inmates. Finally, the Court concurs that Plaintiff's reliance on the *Ware v. La. Dep't of Corrections* case is misplaced for the reasons set forth by the Magistrate Judge.[3]

---

[1] *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987).

[2]  R. Doc. 7 at p. 7.

[3] 866 F.3d 263 (5th Cir. 2017).  The Court notes that the Magistrate Judge concluded that the *Ware* matter was remanded for further proceedings.  The Court's reading of that case is that the appellate court rendered judgment in favor of the plaintiff enjoining the Deptartment of Corrections from enforcing the grooming policies against Ware.  The grooming policy at issue in *Ware* did not permit Ware's dreadlocks and did not allow for any religious exemption.  Such is not the case here.  This Court concurs with the Magistrate Judge that, "Unlike the plaintiff in *Ware*, Johnson has suffered no similar burden on his religious practices because he was not forced to cut his hair.  As a lesser accommodation, not followed in *Ware*, Johnson has been allowed to keep his hair in accord with his Rastafari/Nazarite vows." R. Doc. 7 at p. 9.

Accordingly,

**IT IS HEREBY ORDERED** that Damien Kentreal Johnson's 42 U.S.C. § 1983

Complaint asserting First Amendment and RLUIPA claims against the Jefferson

Parish Sheriff's Office and Sheriff Joseph Lopinto, in his individual and official

capacities, is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)

and § 1915A, as frivolous and otherwise for failure to state a claim for which relief

can be granted.

New Orleans, Louisiana, April 11, 2024.

**WENDY B. VITTER**
**United States District Judge**