UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAMIEN KENTREAL JOHNSON                      CIVIL ACTION

VERSUS                                       NO. 24-00080

JEFFERSON PARISH SHERIFF OFFICE, ET AL.      SECTION: D

ORDER and REASONS

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) For Failure to State a Claim, filed by the defendant, Jefferson Parish Sheriff Joseph Lopinto.[1] The Motion, which was filed on December 18, 2025, was set for submission on January 6, 2026. The Motion was mailed to plaintiff, Damien Kentreal Johnson, at his address of record at the Jefferson Parish Correctional Center, and was not returned as undeliverable. As of the date of this Order and Reasons, the Motion is unopposed. After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.** The Court, however, will grant Johnson leave to amend his Amended Complaint[2] to address the deficiencies raised in the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2024, Damien Kentreal Johnson filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, against the Jefferson Parish Sheriff's Office ("JPSO") and Jefferson Parish Sheriff Joseph P. Lopinto.[3] Johnson alleges that, as a pretrial detainee in Jefferson Parish Correctional Center, he is being punished for

---

[1] R. Doc. 22.
[2] R. Doc. 4.
[3] R. Doc. 1. The Court notes that Johnson signed the Complaint on January 4, 2024, and that it was postmarked on January 6, 2024. *Id.* at pp. 5 & 6.

exercising his First Amendment right to freedom of religion and for refusing to cut his hair to fulfill his religious obligation as a "Rasta/Nazarite."[4]  The Complaint, however, was marked deficient by the Clerk of Court on January 10, 2024, for failure to pay the filing pay or request to proceed as a pauper.[5]  Upon receipt of a motion for leave to proceed *in forma pauperis*,[6] the Clerk's Office filed Johnson's Complaint into the record on January 22, 2024.[7]  In the Complaint, Johnson checked several boxes indicating that the Jefferson Parish Correctional Center has a prisoner grievance procedure, that he presented his complaint through that procedure, and Johnson wrote that his complaint was "pending."[8]  Attached to the Complaint is an "Inmate Grievance Form," which was purportedly filed on January 4, 2024, and contains the same facts that are set forth in the Complaint.[9]  The Inmate Grievance Form is blank in the section to be filled out by facility personnel, so there is no information regarding the date it was received, who it was screened by and referred to, or any official response to the grievance.[10]

A handwritten Amended Complaint was also filed into the record on January 22, 2024.[11]  Johnson alleges in the Amended Complaint that he has been incarcerated at the Jefferson Parish Correctional Center for nine months and that, as punishment for refusing to cut his hair, he is not allowed to go to the yard for recreation, use the

---

[4] R. Doc. 1 at pp. 4–5.
[5] R. Doc. 2.
[6] R. Doc. 5.
[7] R. Doc. 3.  The Court notes that R. Docs. 1 and 3 are identical.
[8] R. Doc. 3 at pp. 2–3.
[9] R. Doc. 3-1.
[10] *Id.*
[11] R. Doc. 4.  The Court notes that Johnson wrote on the Amended Complaint that it was "filed: 1-16-24."  *Id.* at p. 1.  There is no postmark on the envelope in which it was sent to the Court.  *Id.* at p. 3.

phone, or buy items from the commissary.[12]  Johnson asserts that these actions violate his rights under both the First Amendment and the Religious Land Use and Institutionalized Persons Act (the "RLUIPA").[13]  Johnson seeks injunctive relief and damages pursuant to 42 U.S.C. § 1983 and the RLUIPA, and specifies that he is suing Sheriff Lopinto in his individual and official capacity.[14]

In its initial screening of the case, this Court dismissed the Amended Complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[15]  Johnson timely appealed this Court's dismissal of his claims against Sheriff Lopinto in his official capacity.[16]  The Fifth Circuit issued a Per Curiam opinion on March 25, 2025, reversing the dismissal of Johnson's official capacity claims against Sheriff Lopinto, and remanding the case back to this Court for further proceedings.[17]

Upon remand, Sheriff Lopinto filed the instant Motion to Dismiss asserting that Johnson's § 1983 and RLUIPA claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because Johnson failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act.[18]  Pointing to the Inmate Grievance Form submitted with Johnson's Complaint, in which Johnson claims that the grievance was filed on January 4, 2024, Sheriff Lopinto asserts that there is no indication that the grievance was received by a member of JPSO and points out that

---

[12] R. Doc. 4 at pp. 1–2.
[13] *Id.* at p. 2.
[14] *Id.* at p. 2.
[15] *See* R. Docs. 7 & 8.
[16] R. Doc. 11.  *See* R. Doc. 16-1 at p. 2, n.2.
[17] R. Doc. 16-1.
[18] R. Doc. 22.

Johnson filed this lawsuit only five days later, while the grievance process was "pending."[19]  Sheriff Lopinto argues that inmates are required to exhaust their administrative remedies before filing § 1983 or RLUIPA claims.[20]  Sheriff Lopinto further asserts that an inmate is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process.[21] Sheriff Lopinto contends that, by stating that his grievance was "pending," Johnson has admitted that he did not exhaust all steps in the grievance process prior to filing this suit.[22]  As such, Sheriff Lopinto asserts that Johnson's claims for monetary relief under § 1983 and the RLUIPA must be dismissed under the Prison Litigation Reform Act.[23]

Sheriff Lopinto further asserts that Johnson is not entitled to injunctive relief under the RLUIPA.[24]  Sheriff Lopinto points out that the Fifth Circuit noted in its Per Curiam Opinion that a search of JPSO's detainees did not return a result for Johnson.[25]  Without stating whether Johnson is still in JPSO custody, Sheriff Lopinto asserts that if Johnson is no longer in the custody of the Jefferson Parish Correctional Center, his request for injunctive relief is moot under Fifth Circuit precedent.[26] Sheriff Lopinto further asserts that, even if Johnson is still incarcerated at the

---

[19] R. Doc. 22-1 at p. 2 (*citing* R. Doc. 3-1 & R. Doc. 3 at pp. 2–3).
[20] R. Doc. 22-1 at pp. 6–7 (*citing* 42 U.S.C. § 1997(e)(a); 42 U.S.C. § 2000cc-2(e); *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781 (5th Cir. 2012)).
[21] R. Doc. 22-1 at p. 8 (citing *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015); *Hicks v. Lingle*, 370 Fed.Appx. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. A. No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014) (Feldman, J.)).
[22] R. Doc. 22-1 at p. 9 (*citing* R. Doc. 3-1).
[23] R. Doc. 22-1 at p. 9.
[24] *Id.* at pp. 9–10.
[25] *Id*. (*citing* R. Doc. 16-1 at p. 2, n.1).
[26] R. Doc. 22-1 at pp. 9–10 (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)).

Jefferson Parish Correctional Center, he is not entitled to injunctive relief because he did not exhaust his administrative remedies prior to seeking an injunction.[27] As such, Sheriff Lopinto argues that Johnson's claims seeking monetary damages and injunctive relief are improperly before this Court and must be dismissed under Fed. R. Civ. P. 12(b)(6).[28]

As previously mentioned, Johnson has not filed a response to Sheriff Lopinto's Motion to Dismiss.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[29] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[32]

---

[27] R. Doc. 22-1 at p. 10 (citing *Muhammad v. Wiles*, 841 Fed.Appx. 681, 685–86 (5th Cir. 2021)).

[28] R. Doc. 22-1 at p. 10.

[29] Fed. R. Civ. P. 12(b)(6).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

[31] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (citation modified).

[32] *Iqbal*, 556 U.S. at 679, 129 S.Ct. 662 (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955) (citation modified).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[33]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. [34] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[35] Further, "[i]n deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[36]  A court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[37]

## III.    ANALYSIS

### A. Johnson's inmate status

When the Fifth Circuit issued its Per Curiam Opinion in this matter on March 25, 2025, it noted that, "[o]ur search of detainees in JPSO custody returns no results for Johnson."[38]  Over a year later, this Court has likewise been unable to locate Johnson in either state or federal custody.[39]  Sheriff Lopinto acknowledges the Fifth

---

[33] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[34] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[35] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (citation modified).

[36] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

[37] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

[38] R. Doc. 16-1 at p. 2, n.1.

[39] *See* https://perma.cc/H88Q-K65H (Federal Bureau of Prisons Inmate Locator); https://vinelink.vineapps.com/search/LA/Person (Louisiana inmate locator, last visited on April 27, 2026).

Circuit's observation,[40] but fails to confirm whether Johnson remains in the custody of the Jefferson Parish Correctional Center.[41]  As the Fifth Circuit pointed out, if Johnson has been released or moved elsewhere, his request for injunctive relief is likely moot.[42]  Johnson, however, can still pursue his claim for damages.[43]  As the record is silent as to whether Johnson remains a detainee, and accepting all well-pleaded facts as true and viewing them in a light most favorable to Johnson, the Court accepts Johnson's allegation that he is a pretrial detainee and will proceed as if Johnson's request for injunctive relief is not moot.

### B. The Prison Litigation Reform Act's Exhaustion Requirement

Johnson has sued Sheriff Lopinto in his official capacity, asserting that he violated Johnson's rights under the First Amendment and the RLUIPA, for which Johnson seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 and the RLUIPA.  As Sheriff Lopinto correctly points out, an inmate must exhaust all administrative remedies before bringing claims under § 1983 or the RLUIPA.  The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[44]  The Fifth Circuit has made clear that, "the PLRA pre-filing exhaustion requirement is mandatory and non-

---

[40] R. Doc. 22-1 at p. 9 (*citing* R. Doc. 16-1 at p. 2, n.1).
[41] R. Doc. 22-1 at pp. 9–10.
[42] R. Doc. 16-1 at p. 2, n. 1 (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)).
[43] R. Doc. 16-1 at p. 2, n.1 (citing *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280–83 (5th Cir. 2002); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 290 (5th Cir. 2012)).
[44] 42 U.S.C. § 1997e(a).

discretionary."[45]  According to the Supreme Court, "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[46]  As recognized by the Fifth Circuit, "[t]here are no 'freewheeling' exceptions to the PLRA's exhaustion requirement, but there is a 'textual exception': an inmate must exhaust only those remedies that are 'available.'"[47]  The Supreme Court has identified three instances in which remedies would be considered unavailable: (1) when it operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when the process is "so opaque that it becomes, practically speaking, incapable of use;" and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[48]

The Fifth Circuit has held that the Prison Litigation Reform Act's exhaustion requirement is satisfied only if the prisoner pursues the grievance remedy to conclusion.[49]  "This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process.  Instead, the prison's failure to timely respond simply entitles the

---

[45] *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012).
[46] *Jones v. Bock*, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95, 126 S.Ct. 2378, 165 L.Ed. 2d 368 (2006)).
[47] *Muhammad v. Wiles*, 841 Fed.Appx. 681, 685 (5th Cir. 2021) (citing *Ross v. Blake*, 578 U.S. 632, 635–36, 642, 136 S.Ct. 1850, 1858, 195 L.Ed. 2d 117 (2016)).
[48] *Ross*, 578 U.S. at 642–44, 136 S.Ct. 1850.
[49] *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)) (citation modified).

prisoner to move on to the next step in the process."[50]  The Fifth Circuit has explained that, "it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.  This is true . . . as a matter of law of this circuit."[51]

As the Fifth Circuit previously explained in this case, "RLUIPA bars government actors from imposing a substantial burden on the religious exercise of a person confined to an institution unless the imposition furthers a compelling government interest and is the least restrictive means of doing so."[52]  The RLUIPA also provides that, "[n]othing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)."[53]  Both the Fifth Circuit and the Supreme Court have applied the Prison Litigation Reform Act's exhaustion requirement to RLUIPA claims.[54]  As explained by Justice Sotomayor, "[a]t its heart, the Religious Land Use and Institutionalized Persons Act requires commitment on both sides to achieve a timely resolution of disputes, as does the PLRA's exhaustion requirement."[55]

---

[50] *Wilson*, 776 F.3d at 301.

[51] *Id*. (internal citation omitted) (emphasis in original).

[52] R. Doc. 16-1 at p. 3 (*citing* 42 U.S.C. § 2000cc-1(a); 42 U.S.C. § 1997(1)(B)(iii)).

[53] 42 U.S.C. § 2000cc-2(e).

[54] *See Ramirez v. Collier*, 595 U.S. 411, 421–24, 142 S.Ct. 1264, 212 L.Ed.2d 262 (2022) (recognizing that Ramirez was required to exhaust all available administrative remedies prior to bringing his RLUIPA claim); *Cutter v. Wilkinson*, 544 U.S. 709, 723 n. 12, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) ("State prison officials make the first judgment about whether to provide a particular accommodation, for a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781 (5th Cir. 2012) (finding that Moussazadeh had exhausted his administrative remedies prior to filing his RLUIPA claim).

[55] *Ramirez*, 595 U.S. at 439, 142 S.Ct. 1264 (Sotomayor, J., concurring).

Here, there is conflicting evidence before the Court regarding the status of the grievance that Johnson filed with the Jefferson Parish Correctional Center. Johnson's original Complaint, which was filed into the record on January 22, 2024, includes an Inmate Grievance Form that was purportedly filed on January 4, 2024, but there is no indication that the grievance was submitted to, or received by, anyone with the Jefferson Parish Correctional Center.[56]  Johnson's Amended Complaint, which was also filed into the record on January 22, 2024, includes an Inmate Grievance Form that, according to a stamp and a handwritten notation at the bottom of the form, was received on January 12, 2024, and was accepted and referred to "Major Olsen."[57]  When asked in his original Complaint whether he had exhausted or completed all steps in the grievance procedure, Johnson wrote that his grievance was "pending."[58]  In contrast, Johnson's handwritten Amended Complaint does not address the status of his grievance.[59]

While Sheriff Lopinto has not provided any information regarding the Jefferson Parish Correctional Center's grievance procedure, the Inmate Grievance Form submitted by Johnson provides that, "[a] response will be submitted to the Administrator within fifteen (15) days of assignment.  If you do not receive a response within a timely manner, you may file a request for grievance review."[60]  There is no evidence before the Court that Johnson received a response to his grievance, or that

---

[56] *See* R. Docs. 1, 1-1, 3, & 3-1.
[57] R. Doc. 4-1.  The Court notes that the Amended Complaint appears to have been written and/or mailed by Johnson on January 16, 2024.  *See* R. Doc. 4 at p. 1.
[58] *See* R. Doc. 3 at p. 3.
[59] R. Doc. 4.
[60] R. Doc. 4-1.

he filed a request for grievance review prior to filing his Amended Complaint.[61]  Thus, there is no evidence before the Court whether there was a response from prison officials, or, alternatively, if prison officials failed to timely respond to his grievance, whether Johnson proceeded to the next step in the process, or that Johnson filed this suit only after pursuing his grievance remedy to conclusion.[62]  Additionally, Johnson has not argued that he is subject to an exception to the exhaustion requirement on the basis that he has exhausted the remedies available to him.[63]  Notably, the Fifth Circuit has held that an inmate's subsequent release does not relieve him of the requirement to exhaust administrative remedies for the legal action initiated while in prison.[64]  The Court therefore finds that, regardless of whether Johnson remains detained at the Jefferson Parish Correctional Center, his claims for monetary relief pursuant to 42 U.S.C. § 1983 and the RLUIPA should be dismissed for failure to comply with the Prison Litigation Reform Act's exhaustion requirement.

The Court reaches the same conclusion as to Johnson's request for injunctive relief.  Because the Fifth Circuit has held that, "requests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to

---

[61] The Court notes that in *Ramirez v. Collier*, the Supreme Court held that, "[r]espondents briefly argue that Ramirez failed to exhaust Texas' grievance process because he filed suit before prison officials ruled on his Step 2 grievance.  It is true that prison officials did not decide that grievance until six days after Ramirez sued.  But Ramirez filed an amended complaint that same day, and he also filed a second amended complaint after that.  The original defect was arguably cured by those subsequent filings."  595 U.S. 411, 422–23, 142 S.Ct. 1264, 212 L.Ed.2d 262 (2022).

[62] *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)) (citation modified).

[63] *See Muhammad v. Wiles*, 841 Fed.Appx. 681, 685 (5th Cir. 2021) (citing *Ross v. Blake*, 578 U.S. 632, 635–36, 642, 136 S.Ct. 1850, 1858, 195 L.Ed. 2d 117 (2016)).

[64] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019).

filing suit cannot be excluded,"[65] the Court finds that Johnson's request for injunctive relief under the RLUIPA should be dismissed for failure to comply with the Prison Litigation Reform Act's exhaustion requirement.

### C. Leave to Amend

While Johnson has not requested leave to amend his Amended Complaint to address the issues raised in Sheriff Lopinto's Motion to Dismiss, the Court will "freely give leave [to amend] when justice so requires."[66]   Nonetheless, leave to amend "is by no means automatic."[67]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[68]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[69]

There is no indication in this case that Johnson has acted in bad faith, with a dilatory motive, or that granting him leave to amend will cause undue delay in this matter.   Further, Sheriff Lopinto has not alleged that granting Johnson leave to amend would cause undue prejudice.   Because it is unclear to the Court whether Johnson is still incarcerated at the Jefferson Parish Correctional Center, or whether

---

[65] *Muhammad v. Wiles*, 841 Fed.Appx. 681, 685–86 (5th Cir. 2021) (quoting *McMillan v. Dir., Texas. Dep't of Criminal Justice, Corr. Insts. Div.*, 540 Fed.Appx. 358, 359 (5th Cir. 2013)).
[66] Fed. R. Civ. P. 15(a).
[67] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[68] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[69] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

Johnson has exhausted his administrative remedies, the Court finds it appropriate to grant Johnson leave to amend his Amended Complaint[70] to address the deficiencies raised by Sheriff Lopinto's Motion to Dismiss. Johnson shall have twenty-one (21) days from the date of this Order and Reasons to file an amended complaint addressing the deficiencies raised regarding whether Johnson exhausted his administrative remedies prior to filing this suit. If Johnson fails to amend his Amended Complaint within that time, the Court will dismiss with prejudice Johnson's 42 U.S.C. § 1983 and RLUIPA claims in accordance with this Order and Reasons.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) For Failure to State a Claim,[71] filed by Jefferson Parish Sheriff Joseph Lopinto, named solely in his official capacity, is **GRANTED.**

**IT IS FURTHER ORDERED,** however, that Damien Kentreal Johnson shall have **twenty-one (21) days** from the date of this Order and Reasons to file an amended pleading that addresses the deficiencies raised in the Motion to Dismiss regarding whether Johnson exhausted his administrative remedies prior to filing this suit. If Johnson fails to timely file an amended pleading, the Court will issue an order dismissing with prejudice Johnson's claims against Jefferson Parish Sheriff Joseph

---

[70] R. Doc. 4.
[71] R. Doc. 22.

Lopinto, who was sued in his official capacity pursuant to 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act.

New Orleans, Louisiana, April 27, 2026.

WENDY B. VITTER
United States District Judge